UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER,<br><br>    Petitioner,<br><br>    v.<br><br>RICK BARRIOS, et al.,<br><br>    Respondents. | Case No.: 1:14-cv-00895-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED PETITION FOR LACK OF JURISDICTION (Doc. 26)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN 21 DAYS |

    Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

    The instant petition was filed on March 13, 2014 in the United States District Court for the Northern District of California, and transferred to this Court on May 14, 2014. (Docs. 1, 14). Before the Court could conduct a preliminary review of the petition, Petitioner, on June 18, 2014, filed a first amended petition. (Doc. 24). On July 2, 2014, after conducting a preliminary review of the first amended petition, the Court ordered Petitioner to file a second amended petition because the first amended petition contained no discernible claims that could possibly relate to habeas relief. (Doc. 25). On July 24, 2014, Petitioner filed the instant second amended petition, which contains a general complaint about a wide variety of prison conditions that Petitioner feels are unjust. (Doc. 26). For the reasons set forth below, the Court will recommend that the second amended petition be **DISMISSED**

for failure to state a cognizable federal habeas claim.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner raises complaints about various prison conditions, including the failure to forward Petitioner's mail when he was transferred from one prison to another and loss of Petitioner's mail, the use of the prison disciplinary process by prison staff to retaliate against Petitioner, an attempted murder purported perpetrated at some unspecified time against Petitioner, discrimination by prison staff, lack of available resources in the prison law library, and, apparently,

requiring prisoners to drink water contaminated with arsenic. (Doc. 26, pp. 2-9). As relief, Petitioner requests the following: Appointment of counsel and the opportunity to speak to Sheriffs "Wetter" and "Joe Evans". (Doc. 26, p. 11). Petitioner also demands, as compensation, $999,999,999,999,999,999 in damages. (Id.).

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition should be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the second amended petition be **DISMISSED** for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within 10 days** after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 27, 2014**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE